Good morning, your honors. Laura Davis on behalf of James Alsante. I would respectfully request three minutes for rebuttal. May it please the court, the procedure in James Alsante's sentencing violated his constitutional rights. The district court should not have permitted the government to present testimony concerning charges unrelated to the sentencing charge that were pending trial in state court in a nearby county. He would be unable to adequately present a defense at the sentencing hearing without sacrificing his defense in his trial rights. That is, at a sentencing hearing, most of the rules of evidence don't apply, the rules of confrontation are different. If he wanted to testify, that would be used against him or could be used against him at his trial on the same charges. His cross-examination of witnesses was limited, both in terms of there not being confrontation rights at sentencing, but also because he couldn't ask questions that might give away knowledge only he would have without making that available to the prosecution of the case at trial in state court. The cases cited by the government are in opposite for this matter because it's not as if he had already gone to trial and been acquitted and they were using the different standard and he'd already had an opportunity to fully defend himself or that he was facing the possibility of charges. What we had in Mr. Alsante's case is there were allegations of activity in 2011, the charge in federal court was for failure to register in 2014, and he was in state custody when the government chose to file the writ to bring him to federal charges even though they could have just placed a hold on him so that when he finished with the state he would come federal. Out of curiosity, what happened to those state charges subsequently? They have not yet been to trial. In October, the judge was not available and so it has been continued I think to sometime in February. And when did this come up in federal court, this failure to register case? In 2014. What happened was there were state warrants pending for him. The U.S. Marshals went to look for him. How long under your theory here was the federal government supposed to stand by and wait around for the state court? Until the state court is finished. It would not violate speedy trial. There's case law on that where you have the points you look through to see whether or not he would be prejudiced. I think any prejudice would be much less than that presented by bringing him to federal court before the state matters are finished and then using the state matters against him at sentencing. I'm talking about Barker v. Wingo standards from 1972 as adopted by the circuit in the United States v. Shreen, if you could excuse the pronunciation. Why didn't your client seek a continuance of the federal sentencing proceeding? That would not have gotten him back to state court. The problem is once you writ somebody over from state court, it's up to the government to return him and then you get into the interstate compact on detainers and it gets very complicated. Tell me why the problem that you're perceiving in this case doesn't arise from the fact that there's a double jeopardy exception for dual sovereign prosecutions. In other words, you can have the same underlying incident and the state can prosecute and the federal government can prosecute. They obviously can't prosecute at the same time, so you're always going to have one that's first and you're going to always have this dilemma. I mean, doesn't the dilemma you're talking about and the kinds of problems you're talking about always arise in that situation? In some ways, yes. However, if you have a state and federal prosecution on the same matter, then what you have is if you're pleading guilty in your first jurisdiction, you are given the opportunity to fully defend against the actual charges against you, whether they are brought under federal law or state law. There may be some differences in... The same underlying acts is the same problem you have because in the sentencing, they're bringing up the same underlying acts as in the state prosecution. No, that is not correct. In the federal proceeding, what he is charged with doing is traveling in 2014 from Ohio... I don't think you're not understanding my question. The point I'm making is at sentencing in the federal case, you're allowed at sentencing to bring up related conduct. That's how the acts you have the same acts at issue in the federal sentencing as you do in the pending state criminal prosecution, right? Correct. Back to my question. I'm not sure I understand how this problem isn't just an unfortunate consequence of the dual sovereign exception to double jeopardy. I think where I'm having trouble with the double jeopardy standard is double jeopardy is when you have, I rob a bank and I get prosecuted in state court and federal court for the same robbery. Whereas here at Mr. Altante's sentencing, he's being sentenced for a completely different crime than that for which he is charged in state court. The choice to proceed is different. Whereas if I rob the bank, anything I do during that bank robbery, they're going to bring up at sentencing in federal court, even though I have the same charges pending in state court and defense can adequately prepare for that. It's the same set of facts. Whereas in Mr. Altante's case, he's being sentenced for a crime that occurred in 2014 and they're bringing in as not as relevant conduct, but as evidence of his background and dangerous community, 3553A factors. These pending charges and testimony about pending charges for which he has not yet gone to trial. He has not yet had, you know, federal counsel has not had full discovery, full investigation, anything he presented at sentencing about this charge that he's not facing in federal court, that it's a state court prosecution solely, is going to impact on his state court trial. Are you done? I think so, your honor. I mean, the other issue, I mean, this, this circuit has recognized that constitutional rights do apply at sentencing in a more limited manner, but that they do apply and that for the district court to allow the government to go forward with this evidence and this testimony, What's your best case? What's the case that if we read it, we'll say, well, I guess, I guess she's right. There is not a good case for it. I mean, this is an unusual situation with an unusual fact pattern, which makes, I realize, the decision making process a bit more complicated just because we do not have case law directly on point. You know, there's case law out there with this circuit applying Sixth Amendment rights at sentencing, but again, that's just a generalized constitutional issue, rather than the more specific due process issue. May I ask one question? If you were to assume that there was no state prosecution at all, but that at his sentencing hearing, all of this testimony that did come forth was offered, would that change things? It would. It would put the defense in a different situation as far as calculating whether or not state charges would be brought. That is a different, very different fact pattern than what we have here, and it becomes more of an estimation of, you know, are they going to prosecute him if he gets this amount of time on the federal charges? Will the state just not bring charges? It's the sort of situation where if it's floating out there, there may be discussions with the state prosecutor's office about whether or not charges would be brought. But what's the answer? What's the punchline answer? Could the government bring up this evidence of this other conduct? I'm off. They could, and it's because of the lack of certainty in the state prosecution. It's different when you're in state custody or local custody, you're facing charges, the government files are wit, you know, to borrow your body from the state to bring it into federal jurisdiction so they can prosecute you for unrelated charges, that they are then going to use your state prosecution to prosecute you. And then they're going to bring charges against you with sentencing. Ms. Davis, let me try this out on you. I'm not really sure how this question ends up, frankly, so I'm interested in your guidance. If we've established so far that under the dual sovereignty exception to double jeopardy that a prosecution in federal court can go ahead, even though there is pending state charges on the same charge, on the same crime pending in state court. And that can happen in a context when you get your full panoply of constitutional rights in that initial federal prosecution. It seems to me that you're saying that the person has more protection when it's a supervised release violation and different charges because of these double jeopardy concerns. And it seems to me, it just seems to me intuitively, I'm not expressing myself very well, that you wouldn't get more protection in a supervised release violation where you don't get your full panoply of constitutional protections in connection with a different charge than the protection you would get if you were being tried for the same charge. In a case where you get the full panoply of constitutional protections. With that sort of muddled attempt at explaining my thinking, do you understand what I'm asking? I think so, your honor. And the supervised release context is different than the context we have here where he's being sentenced at an initial sentencing. In the supervised release context, pending charges present issues in that, you know, whether or not a defendant reported his police contact to his probation officer, whether he reported it in his monthly report or the 72 hours. The bottom line is that in the supervised release violation, you have some protection, but the question is whether what happened is fundamentally fair. Not whether you got all your constitutional protections. Supervised release as a whole has different standards than your initial sentencing hearing. I mean, partly also because if there are other... And that standard is whether it's fundamentally fair, right? Yes, but... So why isn't this fundamentally fair even though it doesn't arise to the full level of a constitutional protection? That you might get if it was the same charge and he was being prosecuted for the same thing in both jurisdictions? The difference with the prosecution in two jurisdictions and the double jeopardy issue is that it's the same set of charges. That you're going to be able to say, look, you have the same bank robbery here, the same quickie mart robbery here as you do in state court. This is how the law differs between the two. This is our full investigation of the issue. It's even more harmful to go ahead in two jurisdictions if it's the same charge, right?  More harmful than the situation we have in Mr. Alphante's case? Right. It's exactly what I'm asking about. If it's more harmful to do that in connection with dual prosecution, but you can do it, why wouldn't you be able to do it here is what I'm really trying to say. I don't think it is more harmful. Because when you have the same facts in the state and the federal cases, the same robbery, you are able to fully investigate. You have your full constitutional rights to go to trial, to confront witnesses, and you can do your investigation and you can knowledgeably weigh, you're basically fighting two cases at once. You're doing your trial strategy in whichever one is going to go first, knowing that that will impact the second. That's back to Judge Sutton's question about why didn't you just ask for a continuance while you did that discovery in connection with the pending state charges? Because it would not have moved him back to state custody to face his state charges. Why does it matter what custody he's in at that point in terms of preparing for the state charges? Because he still would not have gone to trial on his state charges had we requested a continuance. It's different when you have unrelated charges. He's being sentenced for a SORNA violation in 2014, and yet we are in essence trying a case at sentencing without the constitutional protections of a regular trial, without the right to confrontation. Ms. Davis, thank you. I think you're well over your time. We'll give you your full rebuttal, but why don't we hear from the government now and then you get your full rebuttal after that. Thank you. Ms. Sawyers. Good morning. Brooklyn Sawyers for the United States of America. If it may please the court, defense counsel concedes and the United States agrees that there is not a case on point that supports what it appears the defendant is seeking here, which is a narrowly constructed constitutional rule that requires the United States to postpone its federal sentencing until a defendant who has pending state charges resolves those charges in state court. As Judge McKeague asked a moment ago, defendant has failed to acknowledge the fact that that rule itself would cause the defendant a greater level of unfairness because the federal charges could languish for an undetermined amount of time. There's nothing in the record or any reasonable conclusion to draw on how long that might take. Although it's not a part of the current record, the defense counsel asked your question, answered your question that those state charges are still pending in the state court. So here the federal case was resolved very quickly from indictment to sentencing in under 11 months. Our charges would still continue to be pending. That delay and unfairness goes to the defendant's detriment. Witnesses lose their memory, they disappear, they die. That certainly would have hurt the defendant in proceeding at the federal sentencing here where he did call a witness, where he did put on a robust defense, including cross-examining the United States witnesses. Additionally, and I think it's very important, this proposed rule by defendant interferes with the executive branch's ability to do its business and proceed with the swift administration of justice. You must agree it does put the defendant in a tough spot. They do want to they've already got this one conviction, they want to do the best they can with these other complicated things to be forced to answer in a sentencing proceeding where different rules exist. Obviously everything they do can be used in the state proceeding. Absolutely, your honor. That is true. It is a difficult position. As defense counsel referred to it, it's a Hobson's choice. Defendants are faced with those types of decisions every single day. It is part of what comes along with the criminal justice system when you commit crime. Here, however, it does not violate his due process rights or the Constitution in any way. The United States followed the federal rules of criminal procedure of evidence, the case law that we have, and the district court imposed a substantively reasonable sentence here and followed appropriate procedure in imposing what was a substantial upward variance. There were plenty of reasons in the record to support that, including that the defendant violated the sex offender registry within a year of being released from state prison on the underlying sexual conviction in 06. He was convicted again in 2012 and then a third time in the instant case, which was from 2014. He ducked and dodged law enforcement. Testimony came in about that in the sentencing hearing. He was in three different states without registering or updating his registration, complying with SORNA. He assumed at least two false identities while on the run to hide from law enforcement. And last but not least, although the defendant continues to emphasize just this one piece of the support for the upward variance, he committed the ongoing hands-on offense of his stepdaughter while registered. So the United States was in a position where it had to put on evidence of all of these circumstances, which in total supported the upward variance. In this case, the defendant's proposed rule would harm the defendant more than it would help him. Here, the defendant was apprised of the testimony of the sexual assault victim. He had a preview of the state's case when the sexual assault victim came in and testified against him. And he did have the opportunity to have that transcript available to him to use in his defense in the state court system. I don't know. I'm not sure all defendants would agree that your position makes them better off. Do you think so? I mean, I could see how it could play out that way from time to time, but all things considered, I would guess they would generally prefer to separate the two. Being prosecuted would generally not be viewed as a defendant as a good thing. Correct, Your Honor. I know we're from the government. We're here to help them, but I doubt they agree with that. Yes, Your Honor. That is true, but that is a different issue than what the defendant has presented here, which is this due process claim, and that it's just not applicable to the facts of this case. It's really more of an argument of, this is unfair to me, but it ignores our long history of jurisprudence on this subject, including the separate sovereign doctrine, which you all pointed out in asking your questions earlier. The United States proceeded as it was allowed to proceed as a separate sovereign. We went first. Someone had to, and we did, and we acted swiftly. Again, the case was brought and concluded all within 11 months, and throughout that process, each step of the way, the defendant's rights were protected, and he was afforded fair procedures in the district court. Well, I mean, the one way in which I might agree with you is I do think loose rules at sentencing, evidence and otherwise, can benefit defendants, because you can put in anything that helps you on character and so forth, and so I suppose in that way it potentially helps, although it doesn't look like it helped that much for this defendant. I'm just trying to figure out how this would work mechanically. So, I mean, I probably sentenced hundreds of people for supervised release violations, the underlying violation often being a violation of state law, and it seems to me more often than not, they were essentially pleading guilty to both the underlying conduct and the violation and supervised release violations, so this didn't come up. But if it does come up, and somebody's going to plead not guilty in the state court proceeding, if you were going to do what Ms. Davis is arguing you're obligated to do in this case, would you then have to return him to state court? Well, in this case, the United States proceeded via a writ. We did not have an obligation to return him. If you were obligated to let that charge go to fruition, you'd have to return him, and then what, do you put a detainer on him? If we were to operate that way, yes, Your Honor, that's what would have had to have happened. However, we didn't operate pursuant to the detainer, but I understand your hypothetical. So, if you return them, you don't punish them for the federal supervised release violation until the underlying charge is done. They can't get out of jail in the sense that, unless they were otherwise bondable anyway, because you're going to send them back to the state, and if the state does choose to release them pending the state charge being tried, then your writ is going to require them, you have a detainer, and they're going to have to deliver them back to federal court in the meantime anyway, aren't they? Is that the way it works? Yes, that's correct, under that hypothetical. However, So, what's the problem with that from the government's standpoint? It interferes with the United States being an independent and separate sovereign. It interferes with the executive branch conducting its business how it sees fit. We do not have a duty or an obligation to defer to the state court, and we didn't. As is the case here, we would have been waiting, potentially, for years to come prior to just say it interferes with the United States as a separate sovereign. Of course, the Constitution protects people against constitutional violations by the sovereign. So, what's the practical problem? I mean, I suppose you could say the witnesses to the supervised release violation were going to disappear or something like that, but this is just simply a failure to register question, right? Either he did or he didn't. It was a question of violation, a failure to register, yes. However, he fled and traveled in interstate commerce during the commission of that offense. I guess what you'd have to say is if you had to wait, that your ability to argue for a more harsh penalty because of the other things that he did, i.e., relevant conduct, would be harmed by allowing him to return back to state court first. Absolutely. And is that your argument? Yes, Your Honor. That is our argument. And I think that's evidenced by the record, including the testimony of the actual sexual assault victim who confronted the defendant at the sentencing hearing. She took the stand and testified about the events. The closer in time in which her testimony occurred to those events certainly is an advantage to the party calling that witness here in the United States. So, yes, Your Honor, that delay would have harmed our prosecution, and there would be no strategic reason for us to choose that course of action, particularly when there's no rule whatsoever that would require us to do so. And defense counsel has been unable to cite anything that would require us to wait and defer the way in which she's suggesting. No rule exists. So what test do you think we apply in balancing these rights of the federal government against these alleged violations of the defendant's due process rights? I think the court looks at the fairness of the procedures. And a review of this record reflects that the proceedings were fundamentally fair here. Again, the defendant was represented by counsel. The defendant did receive discovery, including as it related to the conduct the government relied on for the variance. The defendant received notice that the government was seeking not only a variance but a substantial upward departure that was denied. The defendant cross-examined the government's witnesses. The defendant put on witnesses of his own. The defense counsel at the sentencing hearing put on a robust argument and defense, including challenging the government's ability to proceed this way. And when the district court weighed those arguments and the evidence before it, determined that the defendant had been afforded fairness in the proceedings and allowed the testimony because the evidence was certainly relevant to the court's ultimate sentencing decision under 3553A. Of course, Judge Guy here, the defendant's response to that would be once he saw this was going forward, he was left with no choice but to contest it. He was forced into that position, in his view, wrongfully. So I don't know how much weight you can apply. He did cross-examine witnesses and so forth. That was the dilemma you had put him in, and so he had to go forward accordingly. I understand that perspective, Your Honor. However, I think the defendant, if that were his position, he could have sought a continuance from the district court, saw relief from the district court, seeking to have his body returned to the state. That argument was never put forth to the district court. Presumably, you would have objected to a continuance. Arguably. Had you objected and the continuance had been then denied, we'd be right back where we are now, wouldn't we? We could be right back where we are, but when the defendant is arguing that he wasn't afforded fairness because he didn't get to deal with the state court and he never made an effort to do so before the district court, I think it goes against his underlying argument. I mean, I would think there'd be times where if the state charges, I mean, they're just about to have the trial, it would actually be quite in your interest to let that go forward, because you might have some more convictions, and that's pretty easy for proof at sentencing. That's absolutely true, and under that hypothetical, there are circumstances in which we would not object to a continuance, but under the facts of this specific case... Given the amount of delay, is that the point you're making? Yes, Your Honor. Yes, Your Honor. And unless the panel has any further questions for me, the United States rests on its brief and asks that you affirm both the conviction and the sentence from the district court. Thank you. Thank you very much. Ms. Davis? Yes, Your Honor. Can I just ask one question? I'm just trying to work through this. I guess I can think of ways, given that federal sentences are often longer than state sentences, I'm wondering if it wouldn't have been worse to have the state trial first, because the state trial, the feds can watch, they can see what happens. I don't understand why your client doesn't have the same anxieties in the state trial in terms of its implications for the federal trial, so why don't we have the same problem either way? It's kind of a conundrum, because it would be very strange to say your client has a constitutional right not to let this happen, and the next day, a person has a constitutional right not to have the state proceeding go first. That wouldn't work very well. I mean, it would be nice for defendants, but it doesn't seem like a sensible rule. Well, in this case, Your Honor, the state did go first. They issued the warrants that the U.S. Marshals were serving when they discovered that Mr. El Sande had violated SORNA. He was being prosecuted in the state. He was in state custody or Morgan County custody when the government brought its indictment and made the wit to bring him over. But I'm making the point that you're saying in our case today, they shouldn't have gone ahead with federal sentencing. They should have stayed it constitutionally to let the state court criminal case, that trial go forward, or guilty plea, or whatever it's going to be, and I'm just asking why isn't your client in just as bad a position there because of the potential for what happens in the state proceeding to be devastating for the federal sentencing? We were not asking for the delay in sentencing. We were asking for either reversal in this case to prevent doing this in the future or to not use the evidence regarding the pending state charges at his sentencing. As the government stated during their argument, there were plenty of other 3553A factors to take into consideration but they piled on with pending charges that he could not adequately defend against. Now the issue of is he looking at more federal time? He's actually not. Tennessee sex offenses against children are one of those few times in Tennessee where you serve the time you're given and you are given quite a bit of time. So it's speculation as far as how these state charges might affect his SORNA guidelines. They're different facts. They're not going to bring up the fact, I don't know, I can't guess whether or not they'd bring up the fact of his movement to Ohio and Michigan with the state charges pending, whether that would factor into his sentencing. But it's a very different thing to be going to trial and potentially sentencing on child sex offenses with a registration requirement violation pending versus being hauled out of state court into federal court, prosecuted for the failure to register, and then have the subject matter of those pending state charges brought in. Well, there's another problem, too, it seems to me when you talk about continuances and whatnot, because unfortunately if they had suspended this and he had gone to trial on the state charges and was acquitted, he might still be having this same evidence offered against him in this federal sentencing hearing. I'm sorry, Your Honor. I was trying to say that's a dilemma for the defendant, something they'd have to consider. If you could exonerate yourself and then that would make the testimony go away, that's one thing. But the other question I have of you is that I understand this business about not disclosing your defense and everything, but if there was more of a suggestion of how he was prejudiced given what he did do, there isn't much of a suggestion of what he might have done but for this pending state trial. In other words, the whole procedure, I'm sure this was very damaging testimony, he'd rather not have it come in at all, but that's apart from the issue that we're dealing with here. We'll have to speculate on if he really was hurt or not. Well, we are still in the unique position that he has not gone to court on his state court trial charges, so it's hard for me to tell you what aspects of his defense we may or may not have chosen to reveal during his federal sentencing. The government chose to proceed this way. They're the ones that brought him from state court to face charges. In federal court, they're the ones who wanted to proceed with more than just all the different failures to report earlier and his underlying convictions that already existed and all of that behavior, but they wanted to bring in testimony about pending charges and force him to defend against those charges in a venue where he did not have confrontation rights, he did not have full Fifth Amendment protections because if he spoke at his federal sentencing, that would then be used against him at trial or could be used against him at trial. Thank you, Ms. Davis. Thank you, Your Honor. Thank you, Ms. Sawyers, for your brief and argument as well. The case will be submitted.